# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| CLIFFORD INGRAM,           Plaintiff, | |
| v. | CIVIL ACTION FILE NO. 1:11-cv-03475-TWT-RGV |
| GREEN & COOPER, ATTORNEYS L.L.P. et al.,           Defendants. | |

## ORDER FOR SERVICE OF REPORT, RECOMMENDATION, AND ORDER

Attached is the Report, Recommendation, and Order of the United States Magistrate Judge made in this action in accordance with 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b), and this Court's Local Rule 72.1. Let the same be filed and a copy, together with a copy of this Order, be served upon counsel for the parties.

Pursuant to 28 U.S.C. § 636(b)(1), each party may file written objections, if any, to the Report, Recommendation and Order within fourteen (14) days of the receipt of this Order. Should objections be filed, they shall specify with particularity the alleged error or errors made (including reference by page number to the transcript if applicable) and shall be served upon the opposing party. The party filing objections will be responsible for obtaining and filing the transcript of any evidentiary hearing for review by the district court. If no objections are filed, the Report and Recommendation may be adopted as the opinion and order of the

district court and any appellate review of factual findings will be limited to a plain error review. United States v. Slay, 714 F.2d 1093 (11th Cir. 1983) (per curiam).

The Clerk is directed to submit the Report, Recommendation, and Order with objections, if any, to the district court after expiration of the above time period.

**IT IS SO ORDERED**, this 20th day of April, 2012.

_____
RUSSELL G. VINEYARD
UNITED STATES MAGISTRATE JUDGE

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| CLIFFORD INGRAM, | |
| Plaintiff, | CIVIL ACTION FILE NO. |
| v. | 1:11-cv-03475-TWT-RGV |
| GREEN & COOPER, ATTORNEYS L.L.P. et al., | |
| Defendants. | |

## MAGISTRATE JUDGE'S REPORT, RECOMMENDATION, AND ORDER

Defendants HSBC Card Services, Inc., and HSBC Bank Nevada, N.A.,[1] (collectively referred to as "HSBC") have filed a motion to dismiss, [Doc. 17], the complaint filed by plaintiff Clifford Ingram ("plaintiff"), [Doc. 1-1], alleging violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. ("FCRA"), the Internal Revenue Code of 1986, 26 U.S.C. § 1 et seq. ("IRC"), and the Privacy Act of 1974, 5 U.S.C. § 552a ("Privacy Act"). Defendants Greene & Cooper, L.L.P. ("Greene & Cooper") and Main Street Acquisition Corporation ("Main Street") have also filed a motion to dismiss.[2] [Doc. 11]. Plaintiff, proceeding *pro se*, has responded only to

---

[1] HSBC Bank Nevada, N.A., asserts that it is incorrectly named in the complaint as "HSBC Bank, Nevada." [Doc. 17 at 1 n.1].

[2] HSBC, Greene & Cooper, and Main Street are collectively referred to herein as "defendants."

Greene & Cooper and Main Street's motion to dismiss. [Doc. 22].[3] For the following

reasons it is **RECOMMENDED** that HSBC's motion to dismiss, [Doc. 17], and Green

---

[3] Since the time for plaintiff to file a response to HSBC's motion has expired without response, HSBC's motion is deemed unopposed. See LR 7.1B, NDGa. With respect to plaintiff's response to Green & Cooper and Main Street's motion, [Doc. 22], he does not specifically address any of the substantive arguments they raised. See generally [Doc. 22]. Instead, he asserts that Main Street "has not submitted into the records the name of any person to be considered as counsel of record" and that the motion to dismiss, [Doc. 11], is "defective in nature whereas one defendant [Green & Cooper, L.L.P.] is raising an issue on both their behalf and on the behalf of a separate defendants [sic]. . . ." [Doc. 22 ¶¶ 2, 4]. However, a review of the docket shows that Kyle A. Cooper is listed as the attorney to be noticed for both Green & Cooper and Main Street. Moreover, although a docketing error lead the motion to dismiss, [Doc. 11], to be listed as only filed on behalf of Green & Cooper, a review of the motion itself shows that it was submitted on behalf of both Green & Cooper and Main Street. See [id.; Doc. 23]. Accordingly, the Court rejects the contentions raised by plaintiff in his response brief.

Moreover, a party's failure to "respond to an opposing party's arguments constitutes abandonment of [those] claim[s] and warrants [their] dismissal." Demmons v. Fulton Cnty., Civil Action File No. 1:09-CV-2312-TWT-WEJ, 2010 WL 3418325, at *11 (N.D. Ga. Aug. 2, 2010), adopted by 2010 WL 3418328, at *1 (N.D. Ga. Aug. 25, 2010) (citations omitted); see also Bell v. Metro Atl. Rapid Transit Auth., Civil Action No. 1:10-CV-1117-JEC, 2011 WL 1225899, at *6 (N.D. Ga. Mar. 30, 2011); Hudson v. Norfolk S. Ry. Co., 209 F. Supp. 2d 1301, 1324 (N.D. Ga. 2001) (citing Resolution Trust Corp. v. Dunmar Corp., 43 F.3d 587, 599 (11th Cir. 1995)) ("When a party fails to respond to an argument or otherwise address a claim, the Court deems such argument or claim abandoned."); Hooper v. City of Montgomery, 482 F. Supp. 2d 1330, 1332 (M.D. Ala. 2007) (dismissing claims as abandoned where plaintiff failed to respond to defendant's motion to dismiss those claims). Accordingly, the Court need not address plaintiff's claims any further since he has apparently abandoned them, but the Court will nevertheless address the merits of the claims that can be discerned from plaintiff's complaint.

& Cooper and Main Street's motion to dismiss, [Doc. 11], be **GRANTED**, and plaintiff's complaint be **DISMISSED**.[4]

## I. FACTUAL AND PROCEDURAL BACKGROUND

HSBC issued a personal credit card to plaintiff.[5] [Doc. 1-1 ¶ 8]. Plaintiff contends that HSBC then refused to accept payments for amounts claimed to be due and eventually charged off the debt for the purposes of receiving a tax credit. [Id.]. HSBC then allegedly sold plaintiff's debt to Main Street, which has made "numerous demands for payment" upon plaintiff, via Green & Cooper, a "debt collection law firm." [Id. ¶ 9]; see also [Doc. 11-1 at 1].

Plaintiff asserts that when HSBC sold his account to Main Street, they "intentionally and willfully violated [his] rights to privacy and the expectation of privacy by selling his personal information to a non-authorized, third party without first consulting [him], without receiving authorization to display [his] personal information to unauthorized parties for the purposes of making entries and reporting personal credit information to all three major credit bureaus." [Doc. 1-1

---

[4] HSBC has also filed a motion to stay the litigation pending the outcome of its potentially dispositive motion to dismiss. [Doc. 18]. For good cause shown, HSBC's motion to stay is **GRANTED**, and all the applicable deadlines for all defendants are stayed pending the District Court's review of this Report and Recommendation on defendants' motions to dismiss.

[5] The facts are taken from the pleadings and do not constitute findings of fact by the Court.

¶ 8]. Plaintiff contends that the release of his personal information, including his social security number, violated the Privacy Act. [Id.]. He asserts that HSBC violated the IRC by "receiving a tax credit for a non-collectable debt as a loss bearing plaintiff's name and then selling that same debt for profit to a non-interested party who is in the business of buying non-collectable debt information for the purposes of [then] collecting on them." [Id.]. Plaintiff asserts that all of the defendants violated the FDCPA and the FCRA by attempting to collect on a non-existent debt. See [id. ¶¶ 6-7, 9-10].

## II. STANDARD ON MOTION TO DISMISS

Federal Rule of Civil Procedure 12(b)(6) authorizes dismissal of an action when the complaint fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). In considering a motion to dismiss, the court must accept the plaintiff's allegations as true and construe the complaint in the plaintiff's favor. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Duke v. Cleland, 5 F.3d 1399, 1402 (11th Cir. 1993).[6] "While a complaint attacked by a Rule 12(b)(6) motion to dismiss

---

[6] "However, the court need not 'accept as true a legal conclusion couched as a factual allegation.'" Smith v. Delta Air Lines, Inc., 422 F. Supp. 2d 1310, 1324 (N.D. Ga. 2006) (quoting Papasan v. Allain, 478 U.S. 265, 286 (1986)). "Additionally, '[c]onclusory allegations and unwarranted deductions of fact are not admitted as true, especially when such conclusions are contradicted by facts disclosed by a document appended to the complaint. If the appended document . . . reveals facts which foreclose recovery as a matter of law, dismissal is appropriate.'" Id. (alteration in original) (quoting Associated Builders, Inc. v. Ala. Power Co., 505 F.2d

6

does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (alteration in original) (citations and internal marks omitted). To survive a motion to dismiss, a complaint must "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Id. at 555 (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

Furthermore, "Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that a pleading contain 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" Broner v. Washington Mut. Bank, FA, 258 F. App'x 254, 256 (11th Cir. 2007) (per curiam) (unpublished) (quoting Fed. R. Civ. P. 8(a)(2)). "Factual allegations must be enough to raise a right to relief above the speculative level," Twombly, 550 U.S. at 555 (citation omitted), as the complaint must contain "enough facts to state a claim to relief that is plausible on its face," id. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

---

97, 100 (5th Cir. 1974)) . Decisions of the Fifth Circuit rendered before October 1, 1981, are binding precedent in the Eleventh Circuit. Bonner v. City of Prichard, Ala., 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 556). The Supreme Court in Iqbal held:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. . . . Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. . . . [W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not "show[n]"–"that the pleader is entitled to relief."

556 U.S. at 678-79 (last alteration in original) (citations and internal marks omitted).

Although *pro se* pleadings are governed by less stringent standards than pleadings prepared by attorneys, see Haines v. Kerner, 404 U.S. 519, 520 (1972); Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam), *pro se* parties are still required to comply with minimum pleading standards set forth in the Federal Rules of Civil Procedure and this District's Local Rules, Grew v. Hopper, No. 2:07-cv-550-FtM-34SPC, 2008 WL 114915, at *2 (M.D. Fla. Jan. 9, 2008); see also Beckwith v. Bellsouth Telecomms., Inc., 146 F. App'x 368, 371 (11th Cir. 2005) (per curiam) (unpublished) (citation omitted) (stating "[a]lthough we construe them liberally, *pro se* complaints also must comply with the procedural rules that govern pleadings").

## III. DISCUSSION

**A. FDCPA Claim**

**1.** *Allegations generally*

"To prevail on a FDCPA claim, a plaintiff must show that: '(1) [he] has been the object of collection activity arising from a consumer debt; (2) the defendant attempting to collect the debt qualifies as a debt collector under the Act; and (3) the defendant has engaged in a prohibited act or has failed to perform a requirement imposed by the FDCPA.'" Wideman v. Bank of Am., N.A., No. 3:11-CV-145(CAR), 2011 WL 6749829, at *3 (M.D. Fa. Dec. 23, 2011) (internal marks omitted) (quoting Frazier v. Absolute Collection Serv., Inc., 767 F. Supp. 2d 1354, 1363 (N.D. Ga. 2011)). Plaintiff's complaint does not identify a single specific provision of the FDCPA that defendants allegedly violated. See generally [Doc. 1-1]. Accordingly, plaintiff's allegations do not "'give the defendant[s] fair notice of what the . . . claim is and the grounds upon which it rests,'" Twombly, 550 U.S. at 555 (alteration in original) (quoting Conley, 355 U.S. at 47), and his FDCPA claim is therefore due to be dismissed for failure to comply with the pleading standards of the Federal Rules of Civil Procedure.

**2.** *Allegation against HSBC*

The FDCPA "applies only to debt collectors and not to creditors or mortgage servicers." Humphrey v. Wash. Mut. Bank, F.A., Civil Action No. 1:06-CV-1367-JOF,

9

2007 WL 1630639, at *2 (N.D. Ga. June 1, 2007) (citation omitted). The FDCPA defines a "debt collector" as

> any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

15 U.S.C. § 1692a(6). The term does not include "any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity . . . concerns a debt which was originated by such person [or] . . . concerns a debt which was not in default at the time it was obtained by such person." 15 U.S.C. § 1692a(6)(F)(ii)-(iii). Likewise, the FDCPA defines a "creditor" as

> any person who offers or extends credit creating a debt or to whom a debt is owed, but such term does not include any person to the extent that he receives an assignment or transfer of a debt in default solely for the purpose of facilitating collection of such debt for another.

15 U.S.C. § 1692a(4). "The FDCPA definitions for creditor and debt collector are separate but overlap, allowing for the possibility that a creditor could also be a 'debt collector' subject to the statute, if the debt was already in default at the time the creditor acquired it." Bates v. Novastar/Nationstar Mortg. LLC, Civil Action File No. 1:08-CV-1443-TWT, 2008 WL 2622810, at *6 (N.D. Ga. June 24, 2008), adopted at *1 (citations omitted).

Plaintiff has not alleged that HSBC was a "debt collector" within the meaning of the FDCPA. Because plaintiff has alleged that HSBC was the original lender, see [Doc. 1-1 ¶ 8], the FDCPA cannot apply to any of HSBC's activities in connection with collecting amounts due on the credit card debt, see Humphrey, 2007 WL 1630639, at *2; Bates, 2008 WL 2622810, at *6; Perry v. Stewart Title Co., 756 F.2d 1197, 1208 (5th Cir. 1985) (citation omitted) ("The legislative history of section 1692a(6) indicates conclusively that a debt collector does not include the consumer's creditors, a mortgage servicing company, or an assignee of a debt, as long as the debt was not in default at the time it was assigned."). Because § 1692g and § 1692h only prohibit debt collectors from taking certain actions regarding disputed debts, it is clear from the pleadings that plaintiff's FDCPA claim against HSBC fails as a matter of law. Therefore, to the extent plaintiff asserts a FDCPA claim against HSBC, it is **RECOMMENDED** that any such claim be **DISMISSED WITH PREJUDICE**[7] since the provisions of the FDCPA simply do not apply to HSBC under the facts alleged.

---

[7] Courts need not grant an opportunity to amend where amendment would be futile. Bryant v. Dupree, 252 F.3d 1161, 1163 (11th Cir. 2001) (per curiam) (citing Foman v. Davis, 371 U.S. 178, 182 (1962)). If it appears beyond doubt that plaintiff could not plead a claim for relief that is plausible on its face, an amendment would be futile. See Coates v. Natale, Civil Action No. 5:09-cv-423 (CAR), 2010 WL 749630, at *1-2 (M.D. Ga. Mar. 1, 2010); Ardaman & Assocs., Inc. v. Travelers Cas. & Surety Co. of Am., No. 3:08cv144/MCR, 2009 WL 161203, at *8 (N.D. Fla. Jan. 22, 2009).

### 3. *Allegation against Green & Cooper and Main Street*

With respect to Green & Cooper and Main Street, plaintiff's complaint apparently asserts that they violated the FDCPA by collecting on a "non-existing debt" that was "charged off" by HSBC and thus "extinguished." See [Doc. 1-1 ¶ 10]. However, plaintiff "has cited no law suggesting that 'charging off' a bad debt under accounting principles is equivalent to 'discharging' that debt, and ample case law suggests otherwise." Kelly v. Wolpoff & Abramson L.L.P., 634 F. Supp. 2d 1202, 1210-12 (D. Colo. 2008) (citations omitted). "Plaintiff's argument amounts to the absurd proposition that credit card holders who are unable to pay their debt need merely stop payment for 180 days, at which point--through the inexorable interplay of accounting and tax reporting requirements--such debts will automatically become taxable income and be extinguished." Id. at 1211. Accordingly, plaintiff's theory of liability, to the extent it is based upon collection of an "extinguished" debt, is not plausible on its face, and it is **RECOMMENDED** that plaintiff's FDCPA claim against Green & Cooper and Main Street be **DISMISSED**.

### B. FCRA Claim

The FCRA "governs the use and dissemination of consumer credit information." Meeks v. Murphy Auto Grp., Inc., No. 8:09-cv-1050-T-TBM, 2010 WL

5174525, at *7 (M.D. Fla. Dec. 15, 2010). It "requires a consumer reporting agency[8] to follow 'reasonable procedures to assure maximum possible accuracy' of the data within a consumer's credit report." Ryan v. Trans Union Corp., No. 99 C 216, 2000 WL 1100440, at *1 (N.D. Ill. Aug. 4, 2000) (footnoted added) (citing 15 U.S.C. § 1681e(b)). "In 1996, Congress amended the FCRA [by adding § 1681s-2] to impose duties upon persons who furnish information to credit reporting agencies. . . ." Lofton-Taylor v. Verizon Wireless, Civil Action No. 05-0532-CG-B, 2006 WL 3333759, at *4 (S.D. Ala. Nov. 14, 2006) (alteration in original) (citations and internal marks omitted); see also Jackson v. Genesys Credit Mgmt., No. 06-61500-CIV, 2007 WL 2113626, at *2 (S.D. Fla. July 23, 2007) (stating that 15 U.S.C. § 1681s-2 "is the only part of the FCRA that governs the duties of furnishers of information to the credit reporting agencies").

Under § 1681s-2(a), "the FCRA prohibits furnishers of credit information from providing false information." Peart v. Shippie, 345 F. App'x 384, 386 (11th Cir. 2009)

---

[8] The FCRA defines "consumer reporting agency" as follows:

> [A]ny person, which, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and which uses any means or facility of interstate commerce for the purpose of preparing or furnishing consumer reports.

15 U.S.C. § 1681a(f).

(per curiam) (unpublished) (citation omitted). However, section 1681s-2(a) of the FCRA "explicitly bars private suits for violations of this provision." Quale v. Unifund CCR Partners, Civil Action No. 09-0519-CG-M, 2010 WL 1417903, at *4 (S.D. Ala. Jan. 29, 2010), adopted by 2010 WL 1417907, at *1 (S.D. Ala. Mar. 30, 2010) (internal marks omitted) (quoting Peart, 345 F. App'x at 386 (citations omitted)); see also Green v. RBS Nat'l Bank, 288 F. App'x 641, 642 (11th Cir. 2008) (per curiam) (unpublished). Although the remaining provision, § 1681s-2(b), which requires furnishers of credit information to investigate the accuracy of information reported to credit reporting agencies, can be enforced through a private right of action, the furnisher's duty "arise[s] only after the furnisher receives notice from a consumer reporting agency that a consumer is disputing credit information." Ryan, 2000 WL 1100440, at *1 (citation and internal marks omitted); see also Green, 288 F. App'x at 642; Quale, 2010 WL 1417903, at *4.

Plaintiff's complaint is deficient in that it fails to identify the specific provision of the FCRA under which he seeks relief. See generally [Doc. 1-1]. However, HSBC, Green & Cooper, and Main Street are clearly not credit reporting agencies under the FCRA, see 15 U.S.C. § 1681a(f); Huertas v. Galaxy Asset Mgmt., 641 F.3d 28, 34 (3d Cir. 2011) (per curiam) (citations omitted) (reasoning that a collection agency is not a consumer reporting agency under FCRA), nor has plaintiff made any such allegation, leaving only the privately enforceable furnisher's duty under § 1681s-2(b)

14

as a basis for his claim. With respect to that provision of the FCRA, plaintiff has not alleged that he informed any consumer reporting agency of a dispute, nor has he alleged that any defendant furnishing information ever received notice of a dispute from any such agency. Therefore, he has failed to adequately plead a FCRA violation and it is **RECOMMENDED** that any such claim be **DISMISSED**. Quale, 2010 WL 1417903, at *4; see also Allmond v. Bank of Am., No. 3:07-cv-186-J-33JRK, 2008 WL 205320, at *7 (M.D. Fla. Jan. 23, 2008) (citations omitted) ("If a consumer provides notice of a dispute to a consumer reporting agency, the agency must within five days notify the furnisher of the disputed information. After receiving notice, the furnisher must then investigate the disputed information. To state a claim under § 1681s-2(b), a consumer must allege facts demonstrating that the requisite notice was given.").[9]

---

[9] In their motion to dismiss, Green & Cooper and Main Street also point out that if HSBC were a "consumer reporting agency" under the FCRA, and the plaintiff's account information which HSBC transferred to Green & Cooper and Main Street constituted a "consumer report," the complaint acknowledges that the information was transferred for the purpose of debt collection, which is a permissible purpose under the FCRA. [Doc. 1-1 ¶ 8; Doc. 11-1 at 3-4]; see also 15 U.S.C. § 1681b(a)(3)(A). Accordingly, to the extent Green & Cooper and Main Street received a "consumer report" form a "consumer reporting agency," they obtained it for a permissible purpose and did not violate the FCRA by doing so. See Huertas, 641 F.3d at 34; see also Levine v. World Fin. Network Nat'l Bank, 554 F.3d 1314, 1318-19 (11th Cir. 2009) (holding that such a sale is permissible even if the report is for a closed account).

**C.    IRC claim**

The IRC is enforceable only by the Secretary of the Treasury "except as otherwise expressly provided by law." 26 U.S.C. § 7801(a). Courts have regularly concluded that various provisions of the vast IRC do not create private rights of action, see, e.g., Sigmon v. Sw. Airlines Co., 110 F.3d 1200, 1205 (5th Cir. 1997) (no private enforcement of § 6415(c)); Ernzen v. Ernzen, 105 F.3d 669, 1997 WL 7276, at *2 (10th Cir. 1997) (unpublished) (no private enforcement of § 203A); Sabeta v. Baptist Hosp. of Miami, Inc., 410 F. Supp. 2d 1224, 1233-35 (S.D. Fla. 2005) (finding no private right of action regarding an entity's tax exempt status, but recognizing private rights of action where an IRS employee wrongfully discloses a taxpayer's tax return and where an IRS employee recklessly, intentionally, or negligently violates the tax code); Hogland v. Athens Reg'l Health Servs., Inc., No. CIVA 3:04CV50 (CAR), 2005 WL 4145738, at *4-5 (M.D. Ga. Jan. 21, 2005) (no private enforcement of § 501(c)(3)), and plaintiff has neither identified the specific provision of the IRC which he contends defendants violated, nor has he set forth facts showing that he has a private right of action to enforce any provision of the IRC against defendants, see generally [Doc. 1-1]. Accordingly, his allegations do not "raise a right to relief above the speculative level," Twombly, 550 U.S. at 555, and it is **RECOMMENDED** that plaintiff's claim under the IRC be **DISMISSED WITH PREJUDICE**.

**D. Privacy Act Claim**

The Privacy Act "governs the government's collection and dissemination of information and maintenance of its records [and] generally allows individuals to gain access to government records on them and to request correction of inaccurate records." Jones v. Luis, 372 F. App'x 967, 969 (11th Cir. 2010) (per curiam) (unpublished) (internal marks omitted) (quoting Perry v. Bureau of Prisons, 371 F. App'x 1304, 1304 (11th Cir. 2004) (per curiam) (unpublished) (alteration in original) (citation and internal marks omitted)). It "allows an individual to bring a civil action in a district court against an agency if the agency fails to maintain any record concerning any individual with such accuracy, relevant, timeliness, and completeness as is necessary to assure fairness in any determination concerning such individual that is based upon such record. Id. (internal marks omitted) (quoting 5 U.S.C. § 552a(g)(1)(C)).

To state a claim under the Privacy Act, a plaintiff must allege: (1) that the government agency failed to fulfill its record-keeping obligation; (2) that the failure proximately caused an adverse determination against the plaintiff; (3) that the government agency against which the claim is brought intentionally or willfully failed to maintain certain records; and (4) that the plaintiff suffered actual damages. See Perry, 331 F.3d at 1304 (citing Rose v. United States, 905 F.2d 1257, 1259 (9th Cir. 1990)). Thus, the Privacy Act permits an individual to bring civil suit only against

a government agency, not private parties. See Williams v. ALFA Ins. Agency, 349 F. App'x 375, 376 (11th Cir. 2009) (per curiam) (unpublished) (citation omitted). Since all defendants are private entities, not government agencies, it is **RECOMMENDED** that plaintiff's Privacy Act claim be **DISMISSED WITH PREJUDICE**.

E. **Leave to Amend Complaint**

In view of plaintiff's *pro se* status, and in light of Eleventh Circuit precedent,[10] the undersigned **RECOMMENDS** that plaintiff's complaint be **DISMISSED WITHOUT PREJUDICE** as to those claims where a more carefully drafted complaint might state a claim for relief,[11] and that plaintiff be afforded fourteen (14) days from the date of the District Court's ruling on this Report and Recommendation to file an amended complaint that complies with Rules 8, 10, and

---

[10] The Eleventh Circuit has held that where it appears that a more carefully drafted complaint might state a claim upon which relief could be granted, a district court should not dismiss with prejudice a *pro se* complaint even if the plaintiff has not requested leave to amend without giving the plaintiff at least once chance to amend the complaint. Spear v. Nix, 215 F. App'x 896, 902 (11th Cir. 2007) (per curiam) (unpublished).

[11] Specifically, it is **RECOMMENDED** that plaintiff be provided an opportunity to amend the complaint to state any claim other than his FDCPA claim against HSBC and his IRC and Privacy Act claims against any of the defendants as those claims are due to be dismissed with prejudice for the reasons stated herein. Plaintiff is cautioned that any claims asserted in an amended complaint must be in compliance with the Federal Rules of Civil Procedure, including Rules 8, 10, and 11, in particular, and that failure to comply with these rules could result in sanctions being imposed.

11 of the Federal Rules of Civil Procedure. If the Court provides plaintiff an opportunity to file a properly amended complaint, and plaintiff fails to do so, the undersigned then **RECOMMENDS** that all of plaintiff's claims be dismissed with prejudice. See Guimaraes v. NORS, No. 07-20592-CIV, 2008 WL 4186970, at *5-6 (S.D. Fla. Sept. 5, 2008) (allowing *pro se* plaintiff to re-file an amended complaint which complied with the Federal Rules of Civil Procedure and court's instructions, and holding that complaint would be dismissed with prejudice if plaintiff failed to comply within two weeks); Taylor v. Alvarez, No. 07-23003-CIV, 2008 WL 1840719, at *5 (S.D. Fla. Apr. 21, 2008) (dismissing without prejudice plaintiff's claims on defendants' motion to dismiss, but giving plaintiff two weeks to amend complaint, and holding that if plaintiff failed to do so, court would dismiss case with prejudice); Hall v. RTM Rest. Grp., S.E., No. Civ.A. 105CV2251CAP, 2006 WL 83428, at *3-4 (N.D. Ga. Jan. 11, 2006) (allowing plaintiff to amend complaint to address deficiencies and allege specific facts showing entitlement to relief, and holding that failure to amend would result in recommendation to dismiss counts failing to state claims); Holmes v. City of E. Point, Ga., No. Civ.A. 105CV2921MHS, 2005 WL 3478375, at *5 (N.D. Ga. Dec. 20, 2005) (permitting plaintiff, who did not file a motion to amend, request leave to amend, or respond to defendants' motion to dismiss, to file an amended complaint within 30 days, and holding that if plaintiff failed to do so, the court would dismiss with prejudice plaintiff's claims).

## IV. CONCLUSION

For the foregoing reasons, HSBC's motion to stay, [Doc. 18], is hereby **GRANTED**, and it is **RECOMMENDED** that HSBC's motion to dismiss, [Doc. 17], and Green & Cooper and Main Street's motion to dismiss, [Doc. 11], be **GRANTED**, and that this action be **DISMISSED WITH PREJUDICE** as to plaintiff's IRC claim, Privacy Act claim, and FDCPA claim against HSBC and **DISMISSED WITHOUT PREJUDICE** as to all other claims.

**IT IS SO ORDERED** and **RECOMMENDED** this 20th day of April, 2012.

/s/ Russell G. Vineyard
RUSSELL G. VINEYARD
UNITED STATES MAGISTRATE JUDGE